---

JANICE J. HERR, individually and as
Special Administrator on behalf of the
Estate of Richard J. Herr, Deceased,

       Plaintiff,

      v.                                         Case No. 10-C-1114

LINDE LLC, et al.

       Defendant.

---

### Plaintiff's Objection to Dispositive Motion and Motion to Strike

      Defendant Linde filed a dispositive motion entitled "Motion for Summary Judgment" On March 25, 2015. The motion should be stricken as untimely. A status call involving only the clerk and counsel was held on February 25, 2015. Without notifying the clerk of the proceedings and orders in the MDL-875, defendant orally stated the need to file a dispositive motion during the telephonic status. This court later entered an order allowing filing of the motion. Plaintiff was not given the opportunity to provide the record of proceedings in the case or object to the filing.

      During proceedings in the asbestos MDL-875, a dispositive motion deadline was set by scheduling order (Ex 1, ¶3.) Linde's earlier motion for summary judgment was filed in MDL-875 and denied on December 15, 2014 by order of supervising District Judge Eduardo Robreno in the MDL-875. (Ex 2.) The suggestion of remand order states the court has "adjudicated all outstanding motions, including dispositive motions." (Ex 3 at ¶d.) The remand order states the case is "prepared for trial without delay . . . subject to any trial related motions in limine . . ." (Ex 3 at ¶f.)

The new motion for summary judgment is in conflict with the order of remand. In

*Morris v. CBS Corporation*, No. 94-C-216 (E.D. Wis. July 28, 2013), this court (Judge Randa)

was asked to consider arguments that dispositive motions could be filed after remand from

MDL-875. Judge Randa held dispositive motions could not be filed after remand. (Ex 4.) The

court stated:

> The remaining defendant, CBS Corporation, argues that it should be allowed to
> conduct expert and fact discovery and to file case-dispositive motions in limine.
> However, the MDL court already denied CBS's motion to re-open discovery.
> Moreover, CBS was subject to a pre-trial scheduling order that directed the parties
> to file all potentially dispositive motions, including motions in limine that could
> have a case-dispositive effect, before the MDL court. As Magistrate Judge
> Crocker noted in a remanded case from the same MDL court, the "entire point of
> transferring this case to the MDL court was for 'consolidated and coordinated
> pretrial proceedings.' . . . [T]he purposes of this transfer or 'centralization'
> process are to avoid duplication of discovery, to prevent inconsistent pretrial
> rulings, and to conserve the resources of the parties, their counsel and the
> judiciary." ECF No. 100-9, *Bushmaker v. Chesterton*, No. 09-cv-726-slc (W.D.
> Wis. Nov. 21, 2012), Order at 4 (citing MDL court's website,
> http://www.jpml.uscourts.gov/panel-info/overview-panel). Revisiting the MDL
> court's rulings or excusing a party's non-compliance with the MDL court's
> scheduling orders would undermine these goals.

(Ex 4 at 2.)

Linde's new summary judgment motion is also untimely under the scheduling order in

the MDL-875. Federal Rule of Civil Procedure 16 requires a showing of "good cause" to permit

the changing of scheduling order deadlines. *Alioto v. Town of Lisbon*, 651 F.3d 715 (7th Cir.

2011). Defendant did not seek leave with Judge Robreno to modify the scheduling order to

allow a second summary judgment motion. Defendant also has not made a motion or provided

good cause for this court to change the scheduling order of another judge. See *Alioto,* 651 F.3d

at 719 (referencing the "heightened good cause standard of Rule 16(b)(4)").

<u>Relief Sought</u>

For the reasons above this court should strike Linde's dispositive motion as untimely and in conflict with the MDL-875 scheduling order.

Dated: April 1, 2015

*/s/ Robert G. McCoy*
Attorney for plaintiff

Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
bmccoy@cvlo.com
ecf.cvlo@gmail.com